**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PATRICK THOMPSON**                                                                    **PLAINTIFF**

**v.**                                          **4:06CV01653-WRW**

**HARDING UNIVERSITY and
DAVID COLLINS**                                                                          **DEFENDANTS**

## ORDER

Pending is Harding's Motion to Compel (Doc. No. 8), in which it asks Plaintiff to allow it to have access to his computer. Plaintiff has responded (Doc. No. 10).

Plaintiff, a former student at Harding University ("Harding"), was suspended following an alleged violation of university policy. Harding, a private university, is affiliated with the Church of Christ and has strict rules regarding students visiting members of the opposite sex. Plaintiff, believing that he had permission from one of Harding's deans, repeatedly hosted female Chinese exchange students in his apartment for bible study and language tutoring. Plaintiff has sued Harding and its Dean of Students, David Collins, alleging that he was discriminated against because of his race, African-American, in violation of 42 U.S.C. § 1981 when he was suspended and then refused re-admission.

After Plaintiff filed this lawsuit, Harding received a copy of an e-mail from Plaintiff's Hotmail account. The October 8, 2005 e-mail, had six pictures of female Chinese exchange students attached to it and read "please tell me give me your honest opinion." Harding received the e-mail from an anonymous third party with all but Plaintiff's e-mail address redacted. Harding believes that the pictures were taken in Plaintiff's apartment and maintains that the content of the pictures suggests that more than a study of the Holy Writ was taking place.

In Defendants' initial interrogatories, the following information was requested: (1) copies of all e-mails sent to third parties involving or referencing Sha Yin [one of the Chinese-exchange students] or any female Chinese exchange student at Harding, and (2) copies of all pictures taken of Sha Yin or any other Chinese-exchange student. Plaintiff produced several emails and provided a diskette that contained pictures. Because none of the emails were from Plaintiff's Hotmail account and because the pictures provided were not the ones attached to the e-mail received by Harding, Defendants believe that Plaintiff is withholding information. Defendants now seek access to Plaintiffs computer and its hard drives.

The scope of discovery may be limited at my discretion;[1] however, the party opposing a motion to compel has the burden of showing how each discovery request is improper.[2] Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production.[3]

Plaintiff objects to the motion, challenging the relevancy and arguing that Defendants' request is overly broad and a violation of his privacy. Plaintiff argues that under Fed. R. Civ. P. 34(a), he is only required to produce documents in his possession and control. Because the e-mail Harding received was sent by an anonymous person, Plaintiff maintains that it is not in his possession and argues that asking to search his computer is a "fishing expedition."

Plaintiff also objects to Defendants' proposed "Authorization to Disclose Electronic Communication Information" because it asks for "complete electronic communications sent or

---

[1] *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

[2] *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).

[3] *Id.*

received by Patrick Thompson."[4]  Plaintiff argues that the request is overly broad in time and content because abiding by it would require production of information that has nothing to do with the law suit.

I deny Defendants' Motion at this time but will permit them to take Plaintiff's deposition to discover items that he has in his possession, or items that are subject to his possession; and, of course, Defendants can examine Plaintiff regarding items that he had in his possession which are no longer in his possession, or subject to his possession.  After such a deposition, I would be inclined to grant a renewed motion to compel assuming that the examination under oath reveals information that is admissible evidence, or information that might lead to admissible evidence.

IT IS SO ORDERED this 20th day of July, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 10.