FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 29 2007

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICK THOMPSON                                                               PLAINTIFF

VS.                         NO. 4:06-CV-1653 WRW

HARDING UNIVERSITY AND DAVID COLLINS                     DEFENDANTS

## PROTECTIVE ORDER

The Court has ordered plaintiff to produce his computer hard drive for non-destructive testing in order that Defendants may recover documents and photographs requested in discovery. To address plaintiff's privacy concerns, the parties have agreed that a protective order should be entered specifically concerning the production of plaintiff's computer hard drive. Rule 26(c) of the Federal Rules of Civil Procedure provides for entry of a protective order such as is contained here.

Accordingly,

IT IS AGREED by and among the parties as follows:

1.      This order shall govern all documents and photographs produced to defendants in this action from plaintiff's computer hard drive. Furthermore, this order shall govern all information derived from such documents and photographs and all copies, excerpts, or summaries of them.

2.      The Court will appoint a computer expert who specializes in the field of electronic discovery to create a "mirror image" of the subject hard drive. The Court requests the parties to meet and confer to agree upon the designation of such an expert. If the parties cannot agree on an expert, the parties shall submit suggested experts to the Court by November 8, 2007. The Court will then appoint the computer specialist.

3. The Court appointed computer specialist will serve as an Officer of the Court. To the extent the computer specialist has direct or indirect access to information protected by the attorney-client privilege, such "disclosure" will not result in a waiver of the attorney-client privilege. Defendants herein, by requesting this discovery, are barred from asserting in this litigation that any such disclosure to the Court designated expert constitutes any waiver by plaintiff of any attorney-client privilege. Lastly, any communications between defendants' counsel and the appointed computer specialist as to the payment of fees and costs pursuant to this Order will be produced to plaintiff's counsel.

4. The parties shall agree on a day and time to access plaintiff's computer. Plaintiff and counsel for both parties may be present during the hard drive recovery.

5. After the appointed computer specialist makes a copy of plaintiff's hard drive and recovers any e-mails, documents, and pictures, he or she will provide plaintiff's counsel a copy of those recovered e-mails, documents, and pictures. Plaintiff's counsel will then review and produce to defendants those e-mails, documents, and pictures that are responsive to any discovery requests of defendants, including those covered in the renewed motion to compel. All documents that are withheld on a claim of privilege will be recorded in a privilege log. To the extent feasible, if an e-mail or document can be produced with any privileged portion redacted, the e-mail or document can be redacted after submission to the Court *in camera* and then submitted. The computer specialist will also determine whether any specialized programs have been used to delete or overwrite data on the hard drive and report this to the parties.

6. The computer specialist shall retain the mirror image of the hard drive and copies of any e-mails, documents, and pictures recovered until the conclusion of the litigation, including any appeals. At the conclusion of the litigation, the computer specialist shall return

2
717618-v1

the mirror image of the hard drive and all copies of recovered e-mails, documents, and pictures to plaintiff's counsel pursuant to paragraph 10 of this order.

7. All such documents and photographs shall, without the necessity of further designation, be treated as confidential during the pendency of this action. Confidential documents and photographs shall be used by defendants solely for the purposes of this litigation and not for any other purpose. Control and distribution of all discovery material covered by this order shall be the responsibility of the attorneys of record.

8. No party shall disclose confidential documents or photographs or information derived from such documents or photographs to any person except as provided in this order. Confidential documents and photographs and information derived from them may be inspected and disclosed by defendants only to the following persons and only for the purpose of conducting this litigation:

(a) Counsel, whether or not employees of defendants, representing any defendants in this litigation and their employees;

(b) Any person retained by counsel described in paragraph 8(a) to assist in the preparation and trial of this litigation, including experts and paralegals;

(c) Any director, officer, or employee of any defendant who is either required by such defendant or requested by counsel to work directly on this litigation, provided, however, that confidential documents and photographs shall be disclosed to the individual only to the extent necessary to perform such work;

(d) Any person of whom testimony is taken or is to be taken in this action, provided, however, that confidential documents and photographs can be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony and that

such person not retain confidential documents or photographs after his or her testimony is concluded;

(e) The computer specialist appointed by the Court to "mirror image" the subject hard drive;

(f) The author and addressees/recipients of the documents;

(g) The Court and any persons employed by it working on this litigation; and

(h) Deposition reporters.

9. Each person to whom disclosure of confidential documents and photographs is permitted by defendants pursuant to paragraphs 8(b) through 8(e) above shall be shown a copy of this order and shall execute an acknowledgment in writing that he or she has received a copy of this order and is familiar with the provisions of it, and all such persons shall:

(a) Be bound thereby;

(b) Not use such document or photograph for any purpose other than in connection with the prosecution or defense of this action;

(c) Not reveal such document or photographs to any person other than a person who has received a copy of this order and is subject to its provisions; and

(d) On termination of his or her connection with this action, return such document or photograph to the counsel who disclosed it in the first instance.

10. Within 90 days of the conclusion of this matter as to all parties, each confidential document or photograph, including all copies of such documents and photographs and all excerpts or summaries of them, shall be either returned to the plaintiff or, at the request of the plaintiff, destroyed.

11. The inadvertent production of privileged or work product documents will not waive the attorney-client privilege or the attorney work product doctrine provided, however, that this order shall not prevent defendants from moving to compel production of allegedly privileged or work product documents on any grounds other than the inadvertent production of such documents.

12. The terms of this order are subject to modification, extension, or limitation as may be agreed to by all parties, or by order of the Court.

IT IS SO ORDERED this 29th day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE