**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PATRICK THOMPSON**                                                                     **PLAINTIFF**

**v.**                               **4:06CV01653-WRW**

**HARDING UNIVERSITY,** *et al.*                                                   **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' Motion in Limine (Doc. No. 25). Plaintiff has responded (Doc. No. 26). As explained below, Defendants' Motion is GRANTED in part, and DENIED in part.

Defendants' Motion requested the Court to exclude evidence and testimony in connection with: (1) a notebook created by two students alleging inappropriate behavior between Plaintiff and a female, Chinese student; (2) Defendant Collins's use of a racial slur and participation in racial jokes; and (3) Defendant Harding's insurance coverage.

**1. The Notebook**

Defendant Collins suspended Plaintiff, an African American male, for allegedly violating University rules by allowing a female, Chinese student, Sha "Vivian" Yin, to spend multiple nights in his apartment, and for alleged dishonesty in connection with those events.[1] Two other Harding students, Megan Lunn and Nathan Epley, told Harding officials that Plaintiff and Ms. Yin were having sexual relations.[2] Defendant Collins investigated the overnight stays and afterwards disciplined both Plaintiff and Ms. Yin -- Ms. Yin was also suspended.[3] Ms. Yin was

---

[1] Doc. No. 1.

[2] *Id.*

[3] *Id.*

allowed to return to Harding; Plaintiff, however, was not.[4] Plaintiff alleges Defendants discriminated against him based on race by not allowing him to return to the University.[5]

The notebook created by students Lunn and Epley describes aspects of various students' lives, including Plaintiff and Ms. Yin.[6] The notebook also contains allegations that Plaintiff was sexually exploiting Ms. Yin.[7] Students Lunn and Epley ultimately took back their allegations of sexual exploitation and apologized to Plaintiff for those allegations.[8] I find that evidence in connection with the allegations of sexual exploitation is irrelevant, unreasonably prejudicial, and inadmissible. I will, however, allow evidence or testimony in connection with the other material in the notebook, because I find it relevant. Other material in the notebook seems to be a written version of the allegations students Lunn and Epley initially reported to Harding officials, which is what started Collins's investigation and ultimately Plaintiff's suspension. So, in connection with the notebook, Defendants' Motion is GRANTED regarding allegations of sexual exploitation, but DENIED otherwise.

**2. Defendant Collins -- Racial Slurs and Jokes**

During his deposition, Defendant Collins admitted to using racial slurs while he was in college, at least ten years ago.[9] Defendant Collins's use of racial slurs ten years ago irrelevant. Defendant Collins also admitted to participating in racial jokes within the past five years. I find

---

[4]*Id.*

[5]*Id.*

[6]Doc. No. 25, Ex. 1., Doc. No. 25, Ex. 3.

[7]*Id.*

[8]Doc. No. 25.

[9]Doc. No. 25, Ex. 3.

this admission relevant. Accordingly, Defendants' Motion is GRANTED in connection with Defendant Collins's use of racial slurs, but DENIED in connection with his participation in racial jokes.

### 3. Defendant Harding's Insurance Coverage

Plaintiff did not oppose Defendants' request to exclude evidence of Defendant Harding's insurance coverage. Defendants' Motion is GRANTED on this point.

IT IS SO ORDERED this 11th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE